UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

NIKE, INC.,

        Plaintiff,

    v.

PUMA NORTH AMERICA, INC.,

        Defendant.

C.A. NO. 1:18-CV-10876-LTS

JURY TRIAL DEMANDED

---

### PUMA NORTH AMERICA'S ANSWER TO NIKE'S
### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant PUMA North America, Inc. ("Defendant" or "PUMA"), as and for its Answer to the First Amended Complaint for Patent Infringement (the "Amended Complaint") (D.I. 46) of plaintiff Nike, Inc. ("Plaintiff" or "NIKE"), states as follows:

The statements made by NIKE in the introductory, non-numbered paragraphs of the Amended Complaint are argument that does not require a response, but to the extent those paragraphs contain any factual allegations requiring a response, PUMA denies each and every allegation therein.[1]

### THE PARTIES

1.     PUMA denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2.     PUMA admits the allegations in paragraph 2 of the Amended Complaint.

---

[1] The patents-in-suit will be referred to using the following abbreviations: U.S. Patent No. 6,973,746 (the "'746 patent); U.S. Patent No. 7,401,420 (the "'420 patent"); U.S. Patent No. 7,637,032 (the "'032 patent); U.S. Patent No. 8,266,749 (the "'749 patent"); U.S. Patent No. 9,078,488 (the "'488 patent"); U.S. Patent No. 9,314,065 (the "'065 patent"); U.S. Patent No. 9,375,046 (the "'046 patent"); U.S. Patent No. 10,051,917 (the "'917 patent"); and U.S. Patent No. 10,070,679 (the "'679 patent") (collectively, the "Asserted Patents").

## JURISDICTION AND VENUE

3.      PUMA admits the allegations in paragraph 3 of the Amended Complaint.

4.      PUMA admits that it maintains its headquarters and principal place of business in Massachusetts and denies the remaining allegations of paragraph 4 of the Amended Complaint.

5.      PUMA denies the allegations in paragraph 5 of the Amended Complaint.

## FACTUAL BACKGROUND

6.      PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint.

7.      PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

8.      PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint.

9.      PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint.

10.      PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

## NIKE's Flyknit Technology

11.      PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12.      PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13.      PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint.

14.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

15.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint.

16.     PUMA denies the allegations in paragraph 16 of the Amended Complaint.

17.     PUMA denies the allegations in paragraph 17 of the Amended Complaint except denies knowledge sufficient to form a belief as to whether the illustration in that paragraph accurately represents a Flyknit upper detached from a sole structure.

18.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint including whether the illustrations in that paragraph accurately represent examples of a Flyknit Racer and a Flyknit Trainer+.

19.     PUMA denies the allegations in paragraph 19 of the Amended Complaint.

20.     PUMA denies the allegations in paragraph 20 of the Amended Complaint, except admits that Exhibit H contains the words "Nike Flyknit revolutionized the age-old craft of shoemaking" and avers that this exhibit is a "Sponsor's feature" that includes "[c]opy … provided by Nike"; admits that Exhibit I contains the words "Quantum leap"; but otherwise denies knowledge or information sufficient to form a belief as to the truth of the contents of those exhibits.

21.     PUMA denies the allegations in paragraph 21 of the Amended Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegation that "marathon runner Abel Kirui wore Flyknit footwear during his silver medal-winning performance at the 2012 London Olympics."

22.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint.

23.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint, except denies knowledge sufficient to form a belief as to whether the illustration in that paragraph accurately represent "examples of the proliferation of Flyknit technology throughout NIKE's product categories."

24.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint.

26.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint.

27.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint.

28.     PUMA admits that a copy of what appears to be the '032 patent is attached to the Amended Complaint as Exhibit A and that the '032 patent appears to have issued on December 29, 2009; and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 28 of the Amended Complaint.

29.     PUMA admits that a copy of what appears to be the '749 patent is attached to the Amended Complaint as Exhibit B and that the '749 patent appears to have issued on September 18, 2012; and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 29 of the Amended Complaint.

30.     PUMA admits that a copy of what appears to be the '488 patent is attached to the Amended Complaint as Exhibit C and that the '488 patent appears to have issued on July 14, 2015; and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 30 of the Amended Complaint.

31.     PUMA admits that a copy of what appears to be the '046 patent is attached to the Amended Complaint as Exhibit D and that the '046 appears to have issued on July 28, 2016; and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 31 of the Amended Complaint.

32.     PUMA admits that a copy of what appears to be the '679 patent is attached to the Amended Complaint as Exhibit X and that the '679 patent appears to have issued on September 11, 2018; and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 32 of the Amended Complaint.

### Puma Uses Flyknit Technology without Nike's Permission

33.     PUMA denies the allegations in paragraph 33 of the Amended Complaint.

34.     PUMA admits the allegations in paragraph 34 of the Amended Complaint.

35.     PUMA denies the allegations in paragraph 35 of the Amended Complaint except denies knowledge or information sufficient to form a belief as to whether the illustration accurately shows an example of the IGNITE Proknit.

36.     PUMA denies the allegations in paragraph 36 of the Amended Complaint, except admits that Exhibit K contains the words "the knit sneaker craze."

37.     PUMA denies the allegations in paragraph 37 of the Amended Complaint except admits that it has released footwear products, including at least the IGNITE Speed Netfit, the Mostro Bubble Knit, the Jamming, the TSUGI evoKnit Sock, the TSUGI Jun CLRSHFT, the

TSUGI Jun Cubism, the TSUGI Shinsei evoKnit, and the Ferrari Evo Cat and denies knowledge or information sufficient to form a belief as to whether the illustrations in that paragraph accurately show examples of the IGNITE Speed Netfit, the Mostro Bubble Knit, and the Jamming.

38.    PUMA denies the allegations in paragraph 38 of the Amended Complaint.

39.    PUMA denies the allegations in paragraph 39 of the Amended Complaint.

40.    PUMA denies the allegations in paragraph 40 of the Amended Complaint.

41.    PUMA denies the allegations in paragraph 41 of the Amended Complaint.

42.    PUMA denies the allegations in paragraph 42 of the Amended Complaint.

43.    PUMA denies the allegations in paragraph 43 of the Amended Complaint.

44.    PUMA denies the allegations in paragraph 44 of the Amended Complaint, except admits that it received the letters addressed to PUMA that were attached to the Amended Complaint as Exhibits L–O and AA, refers to those exhibits for a true and accurate statement of their contents; and avers that to the extent that paragraph calls for legal conclusions, no responsive pleading is required.

45.    PUMA denies the allegations in paragraph 45 of the Amended Complaint and refers to the exhibits referred to therein for a true and accurate statement of their contents.

46.    PUMA denies the allegations in paragraph 46 of the Amended Complaint.

47.    PUMA denies the allegations in paragraph 47 of the Amended Complaint except admits that it promotes and sells its footwear in the United States, including in Massachusetts.

48.    PUMA denies the allegations in paragraph 48 of the Amended Complaint except admits that it promotes and sells its footwear nationwide, including in Massachusetts, through its website at http://us.puma.com.

**NIKE Air Technology**

49.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 49 of the Amended Complaint.

50.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 50 of the Amended Complaint.

51.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 51 of the Amended Complaint.

52.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint including whether the illustrations in that paragraph accurately represent an Air Max 1 and its Air Sole.

53.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 53 of the Amended Complaint including whether the illustrations in that paragraph accurately represent the evolution of NIKE Air technology.

54.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 54 of the Amended Complaint.

55.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 55 of the Amended Complaint.

56.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 56 of the Amended Complaint.

57.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 57 of the Amended Complaint.

58.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 58 of the Amended Complaint.

59.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 59 of the Amended Complaint.

60.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 60 of the Amended Complaint.

61.     PUMA admits that a copy of what appears to be the '420 patent is attached to the Amended Complaint as Exhibit E and that the '420 patent appears to have issued on July 22, 2008; and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 61 of the Amended Complaint.

**Puma Uses NIKE Air Technology without NIKE's Permission**

62.     PUMA denies the allegations in paragraph 62 of the Amended Complaint.

63.     PUMA denies the allegations in paragraph 63 of the Amended Complaint except admits that it introduced the Jamming in or about November, 2017.

64.     PUMA denies the allegations in paragraph 64 of the Amended Complaint except admits that Exhibit S purports to depict portions of PUMA's website and that Exhibit S contains the statements that "evoKNIT upper provides form-fitting comfort," "free-floating NRGY beads made from high cushioning PU foam adjust to your foot as you run for adaptive support," and "translucent TPU encases the multi-coloured NRGY beads, providing a visually stunning outsole design" and denies knowledge or information sufficient to form a belief as to whether the illustration in that paragraph accurately depicts the Jamming.

65.     PUMA denies the allegations in paragraph 65 of the Amended Complaint.

66.     PUMA denies the allegations in paragraph 66 of the Amended Complaint.

67.     PUMA denies the allegations in paragraph 67 of the Amended Complaint, except admits that it received the letter addressed to PUMA that was attached to the Amended Complaint as Exhibit O, refers to that exhibit for a true and accurate statement of its contents;

and avers that to the extent that paragraph calls for legal conclusions, no responsive pleading is required.

68.     PUMA denies the allegations in paragraph 68 of the Amended Complaint and refers to the exhibit referred to therein for a true and accurate statement of its contents.

69.     PUMA denies the allegations in paragraph 69 of the Amended Complaint.

70.     PUMA denies the allegations in paragraph 70 of the Amended Complaint except admits that it promotes and sells its Jamming footwear in the United States, including in Massachusetts.

71.     PUMA denies the allegations in paragraph 71 of the Amended Complaint except admits that it promotes and sells its footwear nationwide, including in Massachusetts, through its website at http://us.puma.com.

**NIKE Soccer Cleat Assembly Technology**

72.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Complaint including whether the illustration in that paragraph accurately represents an example of "The Nike."

73.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Amended Complaint including whether the illustrations in that paragraph accurately represent examples of NIKE cleated footwear today

74.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Amended Complaint.

75.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Amended Complaint.

76.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Amended Complaint.

77.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint.

78.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 78 of the Amended Complaint.

79.     PUMA admits that a copy of what appears to be the '746 patent is attached to the Amended Complaint as Exhibit F and that the '746 patent appears to have issued on December 13, 2005, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 79 of the Amended Complaint.

80.     PUMA admits that a copy of what appears to be the '065 patent is attached to the Amended Complaint as Exhibit G and that the '065 patent appears to have issued on April 19, 2016, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 80 of the Amended Complaint.

**Puma Uses NIKE Cleat Assembly Technologies without NIKE's Permission**

81.     PUMA denies the allegations in paragraph 81 of the Amended Complaint except admits that it introduced the evoSPEED SL FG in or about 2015 and the evoSPEED SL II in or about 2016, and admits that illustrations of what purport to be examples of the evoSPEED SL and evoSPEED SL II appear below that paragraph.

82.     PUMA denies the allegations in paragraph 82 of the Amended Complaint except admits that it introduced the ONE 18.1 Syn FG in 2018 and denies knowledge or information sufficient to form a belief as to whether the illustration in that paragraph accurately shows an example of the ONE 18.1 Syn FG footwear.

83.     PUMA denies the allegations in paragraph 83 of the Amended Complaint that it introduced its FUTURE Netfit FG/AG footwear in 2018, including its FUTURE 18.1. PUMA admits that it introduced its FUTURE 18.2, FUTURE 18.3, and FUTURE 18.4 in 2018. PUMA

denies knowledge or information sufficient to form a belief as to whether the illustration in that paragraph accurately shows an example of the FUTURE Netfit FG/AG footwear.

84.     PUMA denies the allegations in paragraph 84 of the Amended Complaint.

85.     PUMA denies the allegations in paragraph 85 of the Amended Complaint except admits that what purports to be a reproduction of Figure 5 of the '065 patent appears in that paragraph and denies knowledge or information sufficient to form a belief as to whether the illustration in that paragraph accurately shows a FUTURE Netfit FG/AG product.

86.     PUMA denies the allegations in paragraph 86 of the Amended Complaint, except admits that it received the letters addressed to PUMA that were attached to the Amended Complaint as Exhibits L–O, refers to those exhibits for a true and accurate statement of their contents; and avers that to the extent that paragraph calls for legal conclusions, no responsive pleading is required.

87.     PUMA denies the allegations in paragraph 87 of the Amended Complaint and refers to the exhibits referred to therein for a true and accurate statement of their contents.

88.     PUMA denies the allegations in paragraph 88 of the Amended Complaint.

89.     PUMA denies the allegations in paragraph 89 of the Amended Complaint except admits that it promotes and sells its evoSPEED SL footwear, ONE 18.1 Syn FG footwear, and FUTURE Netfit FG/AG footwear in the United States, including in Massachusetts.

90.     PUMA denies the allegations in paragraph 90 of the Amended Complaint except admits that it promotes and sells its evoSPEED SL footwear, ONE 18.1 Syn FG footwear, and FUTURE Netfit FG/AG footwear nationwide, including in Massachusetts, through its website at http://us.puma.com.

**NIKE Fuse Technology**

91.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Amended Complaint.

92.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Amended Complaint.

93.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Amended Complaint.

94.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Amended Complaint including whether the illustrations in that paragraph accurately represent Nike's Air Shoe with Fuse Technology.

95.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Amended Complaint.

96.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Amended Complaint.

97.     PUMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Amended Complaint.

98.     PUMA denies knowledge or information sufficient information sufficient to form a belief as to the allegations in paragraph 98 of the Amended Complaint.

99.     PUMA admits that a copy of what appears to be the '917 patent is attached to the Amended Complaint as Exhibit Z, admits that the '917 patent appears to have issued on August 21, 2018, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 99 of the Amended Complaint.

**Puma Uses NIKE Fuse Technology without NIKE's Permission**

100.    PUMA denies the allegations in paragraph 100 of the Amended Complaint except that it denies knowledge or information sufficient to form a belief as to whether the illustration accurately shows an example of the FUTURE Netfit 2.3.

101.    PUMA denies the allegations in paragraph 101 of the Amended Complaint.

102.    PUMA denies the allegations in paragraph 102 of the Amended Complaint, except admits that it received the letter addressed to PUMA that was attached to the Amended Complaint as Exhibit AA, refers to that exhibit for a true and accurate statement of its contents; and avers that to the extent that paragraph calls for legal conclusions, no responsive pleading is required.

103.    PUMA denies the allegations in paragraph 103 of the Amended Complaint and refers to the letter referred to therein for a true and accurate statement of its contents.

104.    PUMA denies the allegations in paragraph 104 of the Amended Complaint and refers to Exhibit AB attached to the Amended Complaint for a true and accurate statement of its contents.

105.    PUMA denies the allegations in paragraph 105 of the Amended Complaint except admits that it promotes and sells its Netfit footwear in United States, including in Massachusetts.

106.    PUMA denies the allegations in paragraph 106 of the Amended Complaint except admits that it promotes and sells its Netfit footwear nationwide, including in Massachusetts, through its website at http://us.puma.com.

**COUNT I**
**Patent Infringement Under 35 U.S.C. § 271(a) of the '032 Patent**

107.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

108.    PUMA denies the allegations in paragraph 108 of the Amended Complaint.

109.    PUMA denies the allegations in paragraph 109 of the Amended Complaint.

110.    PUMA denies the allegations in paragraph 110 of the Amended Complaint.

111.    PUMA denies the allegations in paragraph 111 of the Amended Complaint.

112.    PUMA denies the allegations in paragraph 112 of the Amended Complaint.

113.    PUMA denies the allegations in paragraph 113 of the Amended Complaint.

## COUNT II
### Patent Infringement Under 35 U.S.C. § 271(g) of the '749 Patent

114.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

115.    PUMA denies the allegations in paragraph 115 of the Amended Complaint.

116.    PUMA denies the allegations in paragraph 116 of the Amended Complaint.

117.    PUMA denies the allegations in paragraph 117 of the Amended Complaint.

118.    PUMA denies the allegations in paragraph 118 of the Amended Complaint.

119.    PUMA denies the allegations in paragraph 119 of the Amended Complaint.

120.    PUMA denies the allegations in paragraph 120 of the Amended Complaint.

121.    PUMA denies the allegations in paragraph 121 of the Amended Complaint.

## COUNT III
### Patent Infringement Under 35 U.S.C. § 271(a) of the '488 Patent

122.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

123.    PUMA denies the allegations in paragraph 123 of the Amended Complaint.

124.    PUMA denies the allegations in paragraph 124 of the Amended Complaint.

125.    PUMA denies the allegations in paragraph 125 of the Amended Complaint.

126.    PUMA denies the allegations in paragraph 126 of the Amended Complaint.

127.    PUMA denies the allegations in paragraph 127 of the Amended Complaint.

128.    PUMA denies the allegations in paragraph 128 of the Amended Complaint.

**COUNT IV**
**Patent Infringement Under 35 U.S.C. § 271(a) of the '046 Patent**

129.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

130.    PUMA denies the allegations in paragraph 130 of the Amended Complaint.

131.    PUMA denies the allegations in paragraph 131 of the Amended Complaint.

132.    PUMA denies the allegations in paragraph 132 of the Amended Complaint.

133.    PUMA denies the allegations in paragraph 133 of the Amended Complaint.

134.    PUMA denies the allegations in paragraph 134 of the Amended Complaint.

135.    PUMA denies the allegations in paragraph 135 of the Amended Complaint.

**COUNT V**
**Patent Infringement Under 35 U.S.C. § 271(a) of the '420 Patent**

136.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

137.    PUMA denies the allegations in paragraph 137 of the Amended Complaint.

138.    PUMA denies the allegations in paragraph 138 of the Amended Complaint.

139.    PUMA denies the allegations in paragraph 139 of the Amended Complaint.

140.    PUMA denies the allegations in paragraph 140 of the Amended Complaint.

141.    PUMA denies the allegations in paragraph 141 of the Amended Complaint.

142.    PUMA denies the allegations in paragraph 142 of the Amended Complaint.

## COUNT VI
### Patent Infringement Under 35 U.S.C. § 271(a) of the '746 Patent

143.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

144.    PUMA denies the allegations in paragraph 144 of the Amended Complaint.

145.    PUMA denies the allegations in paragraph 145 of the Amended Complaint.

146.    PUMA denies the allegations in paragraph 146 of the Amended Complaint.

147.    PUMA denies the allegations in paragraph 147 of the Amended Complaint.

148.    PUMA denies the allegations in paragraph 148 of the Amended Complaint.

149.    PUMA denies the allegations in paragraph 149 of the Amended Complaint.

## COUNT VII
### Patent Infringement Under 35 U.S.C. § 271(a) of the '065 Patent

150.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

151.    PUMA denies the allegations in paragraph 151 of the Amended Complaint.

152.    PUMA denies the allegations in paragraph 152 of the Amended Complaint.

153.    PUMA denies the allegations in paragraph 153 of the Amended Complaint.

154.    PUMA denies the allegations in paragraph 154 of the Amended Complaint.

155.    PUMA denies the allegations in paragraph 155 of the Amended Complaint.

156.    PUMA denies the allegations in paragraph 156 of the Amended Complaint.

## COUNT VIII
### Patent Infringement Under 35 U.S.C. § 271(a) of the '679 Patent

157.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

158.    PUMA denies the allegations in paragraph 158 of the Amended Complaint.

159.    PUMA denies the allegations in paragraph 159 of the Amended Complaint.

160.    PUMA denies the allegations in paragraph 160 of the Amended Complaint.

161.    PUMA denies the allegations in paragraph 161 of the Amended Complaint.

162.    PUMA denies the allegations in paragraph 162 of the Amended Complaint.

163.    PUMA denies the allegations in paragraph 163 of the Amended Complaint.

**COUNT IX**
**Patent Infringement Under 35 U.S.C. § 271(a) of the '917 Patent**

164.    PUMA repeats and realleges its responses to paragraphs 1 through 106 above as if fully set forth at length herein.

165.    PUMA denies the allegations in paragraph 165 of the Amended Complaint.

166.    PUMA denies the allegations in paragraph 166 of the Amended Complaint.

167.    PUMA denies the allegations in paragraph 167 of the Amended Complaint.

168.    PUMA denies the allegations in paragraph 168 of the Amended Complaint.

169.    PUMA denies the allegations in paragraph 169 of the Amended Complaint.

170.    PUMA denies the allegations in paragraph 170 of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

Without conceding that any of the following must necessarily be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the forgoing denials, and without prejudice to PUMA's rights to plead additional defenses as discovery into the facts of the matter warrant, PUMA asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Non-infringement)**

PUMA has not infringed, and is not infringing directly, indirectly, by induced or contributory infringement, either literally or under the doctrine of equivalents, or in any way, any valid and enforceable claims of the Asserted Patents.

### SECOND AFFIRMATIVE DEFENSE
**(Invalidity)**

The Asserted Patents are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 100, 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

NIKE's Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel)**

NIKE is barred under the doctrine of prosecution history estoppel from alleging that one or more of the claims of the Asserted Patents should be interpreted to cover any product made, used, imported, sold, or offered by PUMA, or any method used by PUMA

### FIFTH AFFIRMATIVE DEFENSE
**(Equitable Defenses)**

NIKE's claims are barred, in whole or in part, under the equitable doctrines of laches, equitable estoppel, waiver, acquiescence, implied license, unclean hands, prosecution laches, and/or pursuant to 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
**(No Enhanced Damages or Attorneys' Fees)**

NIKE is not entitled to any enhanced damages because it has failed to plead, and PUMA's alleged infringing activities do not meet, the requirements of 35 U.S.C. § 284.

NIKE is also not entitled to any attorneys' fees because it has failed to plead, and PUMA's alleged infringing activities and conduct in this litigation do not meet, the exceptional case standard of 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287)

To the extent that NIKE, any of its predecessors in interest, or licensees of the Asserted Patents failed to comply with 35 U.S.C. § 287, including by failing to properly mark relevant products or otherwise give proper notice, PUMA is not liable to NIKE for any acts allegedly performed before PUMA received actual notice of infringement with respect to each of those patents.

## EIGHTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 288)

To the extent that any claim of the Asserted Patents is held invalid, NIKE is precluded under 35 U.S.C. § 288 from recovering costs relating to this action.

## NINTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

NIKE is not entitled to injunctive relief because any alleged injury to it is not immediate and/or irreparable, and because NIKE has an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE
### (Exhaustion)

NIKE's claims are barred, in whole or in part, under the doctrine of exhaustion and/or first sale.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Affirmative Defenses)

PUMA reserves the right to supplement this Answer with additional affirmative defenses as discovery proceeds in this case.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), PUMA hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PUMA respectfully prays for:

A.      entry of judgment that NIKE's Amended Complaint for Patent Infringement will be dismissed in its entirety, with prejudice;

B.      entry of judgment declaring that PUMA has not and does not infringe any of the Asserted Patents and any other NIKE adds to this lawsuit ;

C.      entry of judgment that the claims of the Asserted Patents are invalid;

D.      entry of judgment declaring this to be an exceptional case under 35 U.S.C. § 285, and awarding PUMA reasonable attorneys' fees and costs incurred in defending this action; and

E.      such other and further relief as this Court deems just and proper.

Dated: November 23, 2018

Respectfully submitted,

/s/ Timothy J. Rousseau

Wayne F. Dennison (BBO No. 558879)
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
t: (617) 856-8200
f: (617) 856-8201
wdennison@brownrudnick.com

Lawrence C. Drucker (*pro hac vice*)
Vincent J. Rubino, III (*pro hac vice*)
Timothy J. Rousseau (BBO No. 673205)
Enrique W. Iturralde (*pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
t: (212) 209-4800
f: (212) 209-4801
ldrucker@brownrudnick.com
vrubino@brownrudnick.com
trousseau@brownrudnick.com
eiturralde@brownrudnick.com

*Attorneys for Defendant*
*PUMA North America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on November 23,

2018.

*/s/ Timothy J. Rousseau*
Timothy J. Rousseau
