UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| NIKE, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 18-10876-LTS |
| PUMA NORTH AMERICA, INC., | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT'S MOTION TO COMPEL
SUPPLEMENTAL PRELIMINARY DISCLOSURES (DOC. NO. 50)

February 25, 2019

SOROKIN, J.

NIKE, Inc. has sued PUMA North America, Inc., alleging that seventeen PUMA products infringe one or more claims in seven of Nike's patents. PUMA seeks an order compelling NIKE to supplement the preliminary infringement claim charts it produced pursuant to Local Rule 16.6(d)(1)(A). NIKE already has voluntarily augmented its disclosures once after conferring with PUMA, and it opposes PUMA's request for further supplementation.

This Court's recently adopted Local Rules regarding automatic disclosures in patent cases require the patent holder to produce "claim charts identifying, with as much specificity as reasonably possible from publicly available information or other information then within the patentee's possession, custody, or control . . . an element-by-element description of where and how each element of each asserted claim is found in each accused product or method." Local Rule 16.6(d)(1)(A)(iii). The parties agree that this provision requires notice of infringement beyond merely repeating the relevant claim language, and that such notice must inform the

defendant why the plaintiff believes it has a reasonable chance of proving infringement.  See Doc. No. 51 at 8-10 (laying out PUMA's view of the applicable standards, citing, in particular, Connectel, LLC v. Cisco Sys., Inc., 391 F. Supp. 2d 526 (E.D. Tex. 2005), and Shared Memory Graphics LLC v. Apple, Inc., 812 F. Supp. 2d 1022 (N.D. Cal. 2010)); Doc. No. 52 at 4-6 (noting NIKE's agreement as to the general standards).[1]  They disagree about whether NIKE's 260-page claim charts meet these standards.

Having considered the parties' arguments, the authorities cited therein, and the claim charts NIKE has provided, Doc. No. 50-4, the Court is satisfied that NIKE has fulfilled its preliminary disclosure obligations.  NIKE's charts contain hundreds of full-color photographs, annotated to show where it contends each major element of each claim is located on each accused product.  By mapping the elements of the claims to the products in this fashion, the charts do much more than simply repeat the claim language.  They bear no resemblance to the charts deemed insufficient in cases cited by PUMA.  E.g., Connectel, 391 F. Supp. 2d at 528 (requiring supplemental disclosures where charts were provided for generic groupings of accused products, without identifying where any specific claim element appeared in any of the 100 products).  No more is required of NIKE at this juncture.  Evidentiary support, claim construction, and debates about the merits of NIKE's claims are matters for another day.

Accordingly, PUMA's motion to compel (Doc. No. 50) is DENIED.[2]

                                                   SO ORDERED.

                                                    /s/ Leo T. Sorokin
                                                   United States District Judge

---

[1] Citations to documents on the Court's electronic docket reference the assigned document number and the page number from the ECF header.

[2] Puma's request for oral argument is DENIED.  The motion has been the subject of substantial briefing, which the Court has carefully reviewed along with hundreds of pages of supporting materials.  Further argument by the parties is unnecessary.